458 So.2d 448 (1984)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Harry C. STUMPF, et al.
No. 84-CC-1113.
Supreme Court of Louisiana.
October 15, 1984.
Rehearing Denied November 15, 1984.
*450 Ralph L. Kaskell, Jr., New Orleans, Counsel for Applicant;
William W. Irwin, Jr., Bernard L. Malone, Jr., Frederick J. Fuselier, Robert L. Ledoux, Dept. of Transportation & Development, Baton Rouge, Counsel for Respondents.
MARCUS, Justice.
The State of Louisiana, through the Department of Transportation and Development (DOTD), instituted this suit, pursuant to La.R.S. 48:441 et seq, for the expropriation of a strip of land known as Whitney Terrace for a downramp as part of the approach system for the Greater New Orleans Bridge. The only issue in the suit is the amount of just compensation to which the landowners are entitled.[1] Two appraisers, Peter Talluto and Jack Evans, were employed by DOTD to measure compensation for the property expropriated. When their reports with appraisals of about $1,700,000 were submitted, they were rejected and DOTD employed two additional appraisers, Edward Deano and Irving J. Eppling. DOTD used the highest of the second appraisals as the measure of just compensation in its petition of expropriation, an amount about $700,000 or forty percent less than the original appraisals, and does not intend to call Talluto and Evans, the first appraisers, as witnesses at trial. The questions presented in this case concern the scope of discovery that the landowners can obtain from Talluto and Evans, as well as their right to call those appraisers as their own witnesses and talk with them before trial.
Upon court order, DOTD answered interrogatories concerning access to the remaining land and the comparables used by each appraiser and produced its contractual agreement with each appraiser and all the construction sheets, engineering data and instructions which the appraisers were given. However, DOTD indicated in its answers to interrogatories that certain information could be obtained only from the appraisers themselves:
STATE'S RESPONSE TO NUMBER 16
The most important and most apparent difference [between the appraisals of Messrs. Talluto and Evans and Messrs. Deano and Eppling] is that Messrs. Talluto and Evans assumed that there would be no access to the remainder land from Terry Parkway, and Messrs. Deano and Eppling made the opposite assumption. Whether there were less important and less apparent bases for the differences, only the appraisers can say.
Similarly, in response to Request No. 2 for production, DOTD answered that "only they [the appraisers] can say on which of the documents they `based their appraisal of the subject property.'"
Landowners attempted to depose the appraisers in a further effort to determine the bases for the differences in their measures of just compensation. DOTD responded that it did not intend to call Evans and Talluto as expert witnesses and, therefore, pursuant to La.Code Civ.P. art. 1425(2), would instruct the appraisers that in any deposition they could only give their opinions and not the facts on which their opinions were based and, furthermore, that they should not respond to any subpoena duces tecum served in connection with the depositions. During the depositions of Talluto and Evans, DOTD repeatedly instructed the appraisers not to respond. On the question of access to the remaining land, affecting the amount of severance damages, *451 Talluto testified nonetheless and, contrary to DOTD's answer to Interrogatory 16, responded that he had assumed there would be limited access.
Landowners then filed a rule to compel full depositions of the appraisers and order compliance with the subpoenas duces tecum. They argued that they were entitled to discovery under La.Code Civ.P. art. 1425(2) because there were present "exceptional circumstances" in that DOTD wished to conceal the facts, was not in good faith and had not sought a fair valuation. Landowners pointed out that even DOTD had indicated in its responses to interrogatories and requests for production that the facts sought were in the "exclusive control" of the experts. Landowners further contended that the questions the appraisers were instructed not to answer were essentially parts of opinion, not facts. The trial judge denied landowners' motion to compel discovery.
Landowners then filed a motion for declaratory judgment that they be allowed to call Evans and Talluto as their own witnesses and talk to them prior to trial. In support they cited numerous decisions from other jurisdictions and argued that provisions in the contractual agreement whereby DOTD prohibited the appraisers from furnishing information without DOTD's written permission and reserved the appraisers as expert witnesses for DOTD should be declared inoperative. The trial judge ruled, "Discovery of opinion not permitted" and subsequently denied the motion for declaratory judgment stating:
... Because of the limitations of Art. 1425 regarding discovery of experts, defendants may not confer with Messrs. Talluto and Evans before trial, but may subpoena them as witnesses. At the time of trial, the Court will decide whether they may testify and with what limitations, if any.
Landowners sought writs with the court of appeal on the trial judge's denial of their motions to compel discovery and for declaratory judgment. The court of appeal denied writs stating:
LSA C.C.Pr. art. 1425(2) expressly prohibits pretrial discovery under these circumstances unless exceptional circumstances can be shown "... under which it is impractical for the party seeking discovery to obtain facts on the same subject by other means." No such showing has been made. The remainder of the writs requesti.e., use of these experts at trialis premature as the trial judge has said: "At the time of trial, the Court will decide whether they may testify and with what limitations, if any."
Upon landowners' application to this court, we granted certiorari to review the correctness of the trial judge's rulings.[2]

ISSUES PRESENTED
The issues presented for our consideration are:
1. Whether landowners can depose the experts, retained or specially employed by DOTD but whom DOTD does not intend to call as witnesses, on their opinions and/or the facts on which those opinions are based.
2. Whether landowners can require production of documents from the experts reflecting their opinions or the facts on which their opinions are based.
3. Whether landowners can talk with the experts before trial.
4. Whether landowners can call the experts as their own witnesses at trial.
Common to all four issues is the question of whether the contractual provisions in the agreement whereby DOTD prohibited the appraisers from furnishing information without the Department's written consent and reserved the appraisers as expert witnesses for DOTD should be declared inoperative. Article 1, § 2 of La. Const. (1974) provides that "No person shall be deprived of life, liberty, or property except by due process of law." The discovery provisions of La.Code Civ.P. art. *452 1422 et seq. and the procedural articles affecting the right to trial were established to ensure due process. Any contractual provision contrary to these articles would be contrary to public policy. Therefore, we conclude that nothing in the contract between DOTD and its appraisers can affect landowners' procedural rights during discovery or at trial. Having so determined, we now address the issues concerning those rights.
1. The Scope of Discovery Deposition
La.Code Civ.P. art. 1425 provides in pertinent part:
(2) A party may discover facts known by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only ... upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on the same subject by other means.
The limitations of art. 1425(2) do not apply to the discovery of opinions of experts. Weidenbacher v. St. Paul Fire and Marine Ins., 347 So.2d 1160 (La.1977) (Plaintiff in medical malpractice action could depose medical expert whom defendant retained but did not intend to call as a witness at trial on his opinions).
Hence, landowners are entitled to depose Talluto and Evans on their opinions. Landowners can depose the experts on the facts underlying their opinions only if they have shown "exceptional circumstances under which it is impracticable for [them] to obtain facts on the same subject by other means." The question remains whether they have made this showing.
Landowners have been given all the construction sheets, engineering data and instructions given to each of DOTD's appraisers. By use of interrogatories they have obtained detailed information on the availability of access to the remaining land and on the comparables used by each of DOTD's experts. Hence, landowners have at their disposal all the facts on which the first set of appraisers could have based their opinions. Landowners can give these facts to their own experts to hypothesize on the bases for the differences in the appraisals of Talluto and Evans and DOTD's second set of appraisers. Thus, we do not consider that landowners have shown "exceptional circumstances under which it is impracticable for [them] to obtain facts on the same subject by other means." We conclude that landowners are entitled to depose Talluto and Evans on their opinions but not on the facts underlying the opinions. The trial judge erred insofar as he held otherwise.
2. Production Of Documents On Discovery
La.Code Civ.P. art. 1424 provides in pertinent part:
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.
An expert's written opinion is clearly not subject to production or inspection under any circumstance. To obtain non-opinion writings or parts of writings, a showing of unfair prejudice or undue hardship is required. This showing does not substantially differ from the burden under Rule 26(b)(3) of the Federal Rules of Civil Procedure. Ogea v. Jacobs, 344 So.2d 953 (La.1977). According to Moore's Federal Practice:
A mere showing of relevance is insufficient. To justify disclosure, a party must show the importance of the information to the preparation of his case, and *453 the difficulty he will face in obtaining substantially equivalent information from other sources if production is denied. The clearest case for ordering production is when information is in the exclusive control of the opposing party. This is true, ... with respect to test results which cannot be duplicated. 4 Moore's Federal Practice, Par. 26-362 [3. 1].
The party seeking discovery has the burden of making this showing.
Landowners contend the information sought by them is within the "exclusive control" of the experts and that even DOTD has indicated so in its answers to interrogatories and requests for production. However, as we have already stated, we consider that landowners can utilize the discovery they have already achieved to obtain facts on the same subject and furthermore we consider that such efforts will yield "substantially equivalent information" to that being sought. Hence, we conclude that landowners have not made a showing of unfair prejudice or undue hardship and, therefore, the trial judge properly denied landowners' motion to compel production.
3. The Right To Talk With Another Party's Experts Before Trial
Prior to trial a party can talk with any "fact witness." The witness, however, has the right to refuse to talk. Similarly, a party can talk to any expert witness although the expert can refuse to talk. Once the witness, whether fact or expert, refuses to talk, the party seeking disclosure can invoke the discovery rights in La.Code Civ.P. art. 1422 et seq. and compel disclosure within the limitations of those articles.
Thus, in this case, landowners may approach Talluto and Evans before trial. The experts have the right to refuse to talk; to do otherwise may place them in breach of their contract with DOTD. But, as we have already held herein, landowners can then utilize their discovery rights and depose Talluto and Evans on their opinions. Weidenbacher v. St. Paul Fire and Marine Ins., 347 So.2d 1160 (La.1977). To the extent the rulings of the trial judge conflict with this holding, they are reversed.
4. The Right Of A Landowner In An Expropriation Case To Call Condemning Authority's Non-Testifying Expert As His Own Witness
Landowners filed a motion for declaratory judgment allowing them to call Talluto and Evans as their own witnesses. The trial judge denied the motion but stated that landowners could subpoena Talluto and Evans and that, at the time of trial, the court would decide "whether they may testify and with what limitations, if any."
In support of being able to call these experts as their own witnesses, landowners cite numerous decisions from other jurisdictions which have held that a landowner can call the expert appraiser originally hired but not called as a witness by a condemning authority. Board of Education of South Sanpete School District, etc. v. Barton, 617 P.2d 347 (Utah 1980); State ex rel. State Highway Dept. v. 1st National Bank in Albuquerque, 91 N.M. 240, 572 P.2d 1248 (1977); Town of Thomaston v. Ives, 156 Conn. 166, 239 A.2d 515 (1968); Urban Renewal and Community Development Agency of Louisville v. Fledderman, 419 S.W.2d 741 (Ky.1967); State v. Steinkraus, 76 N.M. 617, 417 P.2d 431 (1966); Rancourt v. Watterville Urban Renewal Authority, 223 A.2d 303 (Me.1966); Levitsky v. Prince George's County, 50 Md.App. 484, 439 A.2d 600 (Ct.Spec.App. 1982).
DOTD contends this issue has been specifically addressed in Humble Pipe Line Co. v. Roy Aucoin, Inc., 230 So.2d 365 (La.App. 1st Cir.1969), and State Department of Highways v. Finkelstein, 340 So.2d 1040 (La.App. 1st Cir.1976). These cases are inapposite. In both, the appraisers were called as witnesses on cross-examination. In this case, landowners wish to call the appraisers as their own witnesses on direct examination.
*454 Articles 1425(2) and 1424, limiting the rights of an opposing party to compel disclosure by another's expert of his opinion or the facts on which his opinion is based, do not create a privilege against the use of the expert as a witness at trial by the opposing party. The articles are neither limited by nor do they limit the admissibility of evidence at trial.[3] Hence, we agree with landowners that in an expropriation case the landowner should be allowed to call as his own witness an expert retained but not called as a witness by the condemning authority.
In sum, we conclude that landowners can talk with Talluto and Evans prior to trial if the experts are willing to talk with them. Otherwise, landowners' only available discovery is to depose the experts on their opinions. Landowners can subpoena the experts to appear as their own witnesses at trial.

DECREE
For the reasons assigned, the rulings of the trial judge are reversed insofar as they denied landowners the opportunity to talk with the experts Talluto and Evans before trial; insofar as they denied landowners' motion to compel Talluto and Evans to comply with depositions on their opinions; and insofar as they denied landowners' motion for a declaratory judgment allowing them to call the experts as their own witnesses. The case is remanded to the district court for further proceedings in accordance with law and the views herein expressed.
LEMMON, J., dissents in part, believing that the depositions of the experts should extend to opinions and facts underlying the opinion.

ON REHEARING
PER CURIAM.
Landowners' application "For Clarification of Opinion" will be treated as an application for rehearing which we deny with this per curiam. Prior to trial a party can talk with any witness; but the witness need not respond to his inquiries. However, the party can compel the witness to answer inquiries prior to trial to the extent provided by the rules of discovery and can call the witness at trial. Any contract in derogation of these rights would be contrary to public policy. Therefore, in the instant case, as we have held, landowners can compel the experts to respond to depositions on their opinions and can call the experts as their witnesses at trial. Any provisions in the experts' contracts with DOTD to the contrary would be against public policy and therefore of no legal effect.
NOTES
[1] Article 1, § 4 of La. Const. (1974) provides that "[i]n every expropriation ... the owner shall be compensated to the full extent of his loss." La.R.S. 48:453 and 455 govern the measure of compensation.
[2] 452 So.2d 697 (La.1984).
[3] See Rancourt v. Watterville Urban Renewal Authority, 223 A.2d 303 (Me.1966); State v. Steinkraus, 76 N.M. 617, 417 P.2d 431 (1966).