BOWES, Judge.
Plaintiffs, Fisher-Rabin Medical Center (hereinafter Fisher-Rabin) and its insurer, Aetna Casualty and Surety Company (hereinafter Aetna) appeal a declaratory judgment in favor of defendant, Burdick Corporation (hereinafter Burdick), allowing Bur-dick to depose, subpoena as a witness, and speak freely before trial to an expert utilized by Aetna, but not expected to be called by them as a witness in this trial.
The underlying facts are that, on September 1, 1984, a fire partially destroyed the Fisher-Rabin Medical Center in Jefferson Parish. The cause of the fire is alleged to be a defective microwave diathermy unit manufactured by Burdick. Suit was filed against Burdick on August 21, 1985, by Fisher-Rabin and Aetna, which was the fire insurer, as well as the insurer for interruption of business, of Fisher-Rabin, thus Aetna became conventionally subro-gated to Fisher-Rabin. Hereinafter, plaintiffs are referred to generally as Aetna.
Discovery proceeded and, in October, 1986, Aetna advised Burdick in answers to interrogatories that Harold Myers, a professional engineer, had been retained by Aetna as an expert, among others, to inspect the damaged premises relative to the cause of the fire. The interrogatories further revealed that Mr. Myers was not expected to be called as a witness at trial.
Burdick proceeded to notice the depositions of Aetna’s listed experts, including Mr. Myers. Aetna filed a motion to quash Myers’ deposition. In response, Burdick filed a motion for declaratory judgment seeking permission to depose Harold Myers as to his opinions and underlying facts; to talk freely to him; and to subpoena him for trial as its own witness. The motions were heard and, on October 9, 1987, the district court denied the motion to quash and granted Burdick’s motion for a declaratory *1180 judgment. From this judgment, Fisher-Rabin and Aetna appeal.
Aetna raises the following issues on appeal: whether the deposition of a non-witness expert can be taken pursuant to La. Code Civ.Procedure art. 1425(2), infra, and, if so, whether that deposition is limited solely to the opinions of the expert; that is, whether the defendant in the instant case has shown exceptional circumstances so as to allow it to depose the non-witness expert as to the underlying facts upon which that opinion is based; and whether the defendant can freely speak to such expert and subpoena him to trial as its own witness.
In response, defendant urges that this court has no jurisdiction of this appeal, because (Burdick urges) it is not a final judgment, nor have appellants made the necessary showing of irreparable injury to appeal an interlocutory judgment.
La.Code Civ.Procedure art. 1871 states:
Art. 1871. Declaratory judgments; scope
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
Article 1875 states that the general powers conferred in Article 1871 are not restricted in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty. Article 1876 permits the trial court to refuse, in its discretion, to render a declaratory judgment where the judgment would not terminate the uncertainty, or controversy.
In the present case, the trial court exercised its discretion in granting the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs’ Motion to Quash the deposition of Harold Myers is denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that it is the judgment of this Court that a Declaratory Judgment be granted in favor of the defendants allowing them the right to depose Mr. Myers, speak to him freely prior to the trial of this matter and the right [to] subpoena him as a witness at the trial of this matter.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants may question Mr. Myers not only regarding his opinion as an expert, but also upon the facts he bases his opinion.
The judgment decrees the rights of defendants as to Mr. Myers and, as such, is purely a declaratory judgment since it does not order either party to perform some act. While this judgment addresses discovery issues, which are generally considered interlocutory matters and, therefore, not subject to appeal [see, e.g., Falgoust v. Luck, 477 So.2d 822 (La.App. 5 Cir.1985) ], it is nevertheless a declaratory judgment, prayed for by appellee and granted by the trial court; as such, it has the force and effect of a final decree under C.C.P. Art. 1871, and is therefore appeal-able.
Both parties cite State, Dept. of Transp. & Develop. v. Stumpf, 458 So.2d 448 (La.1984) for their respective positions. In that case, landowners sought to depose appraisal experts originally retained by the defendant Department, but who were not scheduled to be called as witnesses by the Department. The trial court had denied the landowners’ motion to be allowed to depose, talk to, and call the appraisers at trial as their witnesses. In partially reversing the court, the Supreme Court referred to La.Code Civ.Procedure Art. 1425(2) which provides in pertinent part:
(2) A party may discover facts known by an expert who has been retained or specially employed by another party ⅛ anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only ... upon *1181 a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on tiie same subject by other means. The Court went on to find:
The limitations of art. 1425(2) do not apply to the discovery of opinions of experts. Weidenbacher v. St. Paul Fire and Marine Ins., 347 So.2d 1160 (La.1977).
[[Image here]]
Hence, landowners are entitled to depose Talluto and Evans on their opinions. Landowners can depose the experts on the facts underlying their opinions only if they have shown “exceptional circumstances under which it is impracticable for [them] to obtain facts on the same subject by other means.” The question remains whether they have made this showing.
Expert opinions, in general, are freely discoverable.
In Stumpf the Court found that the landowners, having been given all the engineering data, instructions, construction sheets, detailed information on access to the land and comparables used by the experts, had at their disposal all the facts on which the experts could have based their opinions. The Court concluded that the landowners did not show the “exceptional circumstances” mandated by Art. 1425 and, therefore, the depositions of the experts would be permitted on their opinions, but not on the underlying facts.
In our opinion, the instant case is distinguishable from Stumpf in that Mr. Myers actually inspected the fire scene in order to give Aetna an opinion as to the cause of the fire. Burdick avers that suit was filed almost one year after the fire, at which time the building had been cleaned, repaired and rebuilt. Therefore, Burdick contends that the fire damage no longer existed so as to give it the opportunity to conduct such an inspection itself. Burdick did not learn of the existence of Mr. Myers until two years after the fire.
Aetna contends that the necessary “facts” are already available to Burdick and therefore there was no showing of “exceptional circumstances." Aetna urges that the depositions of two other experts, who will be called as witnesses (but whose precise areas of expertise are not clear from the record) and who also inspected the fire scene, have been taken by appellee; additionally, there are photographs of the scene, parish fire reports, and fire department personnel available. The diathermy machines alleged to have been present in the room at the time of the fire are in storage and, as Aetna claims, subject to inspection.
We find the present circumstances markedly different from those presented in the Stumpf case. The facts sought to be obtained by Burdick are based upon the personal observations of Mr. Myers, not criteria presented to him with which any expert with similar credentials could form a professional opinion. It is no longer possible to reproduce the facts observed by Mr. Myers. Nor are we able to assume, as the Stumpf court did, on the showing made and from the record, that Burdick already possesses and/or has access to the facts upon which Mr. Myers bases his opinion. Photographs, or the observations of other experts, fire reports, etc., are not the basis of Mr. Myers’ opinion, but rather it is the scene of the fire itself as observed by him. The premises having been rebuilt, there is no practicable method of reproducing that scene. Accordingly, we find that the requisite showing of “exceptional circumstances” has been made by Burdick.
There is further support for our conclusions in the case of Hodges v. Southern Farm Bureau Cos. Ins. Co., 433 So.2d 125 (La.1983) in which the Supreme Court discussed the purposes of discovery:
The basic objectives of the Louisiana discovery process are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expediate the legal *1182 process by encouraging settlement or abandonment of less than meritorious claims.
[[Image here]]
The discovery statutes are to be liberally and broadly construed to achieve its intended objectives. Hodges, supra, citations omitted.
Applying these objectives and this rule of construction to the present case, and for the reasons cited above, we hold that Bur-dick has carried its burden of proving “exceptional circumstances.” Therefore, the deposition of Mr. Myers as to facts and his opinions should be permitted.
As to the court’s declaration that Bur-dick be permitted to speak to and subpoena Mr. Myers for trial, the Stumpf court held that, prior to trial, a party can talk to any expert witness, although the expert can refuse to talk. If the witness refuses to talk, the party seeking disclosure can invoke the discovery rights available under LSA-C.C.P. art. 1422 et seq. With regard to the ruling that defendant may subpoena Mr. Myers as its witness, Stumpf found:
Articles 1425(2) and 1424, limiting the rights of an opposing party to compel disclosure by another’s expert of his opinion or the facts on which his opinion is based, do not create a privilege against the use of the expert as a witness at trial by the opposing party. The articles are neither limited by nor do they limit the admissibility of evidence at trial. Stumpf, supra.
In Stumpf, the Supreme Court permitted the defendant to subpoena the plaintiffs’ expert whom plaintiffs did not plan to call as witnesses. We are bound by this rationale and adopt it here as being applicable to the present case. Accordingly, we hold that the learned trial judge was also correct in this ruling.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are taxed to appellants.
AFFIRMED.