PLOTKIN, Judge.
Relator New Orleans 2000 Partnership (N.O. 2000) seeks reversal of a trial court judgment granting a motion to compel production of documents filed by respondent Board of Commissioners of the New Orleans Exhibition Hall Authority (NOEHA) and directed to N.O. 2000’s expert real estate appraiser, Ms. Jean Felts. The trial court ordered the production of all real estate appraisals Ms. Felts participated in preparing during the last ten years that involved property in the vicinity of the subject tract in this expropriation case; any appraisals prepared in anticipation of the current litigation were exempted from the *175 order. NOEHA sought production of those documents for impeachment purposes. Although we deny relator’s request that we reverse the trial court judgment and uniformly exclude the documents from production, we order the trial court to conduct an in camera inspection to determine the relevance of the documents prior to production.
N.O. 2000 argues that the trial court order was improper for three reasons: (1) because expert opinions are not subject to production under La.C.C.P. art. 1424, (2) because NOEHA failed to prove that the appraisals are relevant as required by La. C.C.P. art. 1422, and (3) because the appraisals are subject to contractual confidentiality agreements.

Production of written expert opinions

La.C.C.P. art. 1424 provides, in pertinent part, as follows:
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.
N.O. 2000 argues that the last sentence of the above article shields all documents recording the opinions of experts from discovery. In support of this interpretation, N.O. 2000 cites State, Department of Transportation & Development v. Stumpf, 458 So.2d 448 (La.1984), in which the Louisiana Supreme Court cited the above article, then stated that “[a]n expert’s written opinion is clearly not subject to production or inspection under any circumstance.” Id. at 452. However, that statement must be interpreted in the context in which it was made. The Stumpf case involved a motion to compel real estate appraisals which were unquestionably prepared in anticipation of the current litigation by experts originally retained by the party opposing the production. Thus, the Stumpf case is factually distinguishable from the case at hand, where the real estate appraisals sought were unquestionably not prepared in anticipation of the current litigation. Additionally, the language of the article itself indicates that the prohibition was intended to apply only to written documents prepared in anticipation of the current litigation. The factual distinctions between the Stumpf case and the instant case are sufficient to require a different result in the instant case. Since the trial court’s order in this case shields documents prepared in anticipation of the current litigation from discovery, the order is proper under the provisions of La.C.C.P. art. 1424, as interpreted by Stumpf.

Relevance

La.C.C.P. art. 1422 provides, in pertinent part, as follows:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
N.O. 2000 argues that the appraisals in this case are not discoverable under the above article because NOEHA failed to carry its burden of proving that the documents sought are relevant to the subject matter of the suit. See Testa Distributing Co. v. Tarver, 584 So.2d 300 (La.App. 1st Cir.1991). NOEHA claims that the relevance of the documents to the current litigation is self-evident because the accuracy of the appraisals of other properties prepared by the expert witness are important to the determination of the weight to be given to Ms. Felt’s appraisal of the subject property. NOEHA also argues that even if the appraisals themselves are not admissible in the instant case, they are no doubt “reasonably calculated to lead to the discovery of admissible evidence.” Because *176 the relevance of the documents is questionable, we order the trial court to conduct an in camera inspection to determine which of the documents requested are relevant because they are either admissible for impeachment purposes or because they are reasonably calculated to lead to admissible evidence. In deciding whether the documents should be admissible, the trial court should conduct a balancing test as required by La.C.E. art. 403 to determine whether the probative value of the evidence is “substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.”

Confidentiality agreements

Finally, N.O. 2000 argues that NO-EHA should not be allowed to examine the appraisals because they are subject to contractual confidentiality agreements; N.O. 2000 does not argue that the appraisals are privileged. Private contractual provisions cannot affect procedural discovery rights. See State, Department of Transportation & Development v. Stumpf 458 So.2d 448 (La.1984). Thus, this argument must fail.
According, the trial court judgment is affirmed, subject to a requirement that the trial judge conduct an in camera inspection of the documents prior to their production.