321 So.2d 792 (1975)
Alfred LOPEZ, Sr., Individually and as the Administrator of the Estate of his minor son, Michael William Lopez
v.
Horace BURAS, Individually and as the Administrator of the Estate of his minor son, Derek Buras, and Government Employees Insurance Company.
No. 7081.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
*793 Perez, Fernandez, Seemann & Egan, Melvyn J. Perez, William H. Egan, Chalmette, for plaintiff-appellee.
Hammett, Leake, Hammett, Hayne & Hulse, Craig R. Nelson, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and MORIAL, JJ.
MORIAL, Judge.
This is a suit by Alfred Lopez, individually and as administrator of the estate of his minor son, Michael Lopez, against defendant, Horace Buras, individually and as administrator of the estate of his minor son, Derek Buras, and his insurer, Government Employees Insurance Company.
On May 13, 1973 Michael Lopez, then nine years of age, was at the home of his uncle, Horace Buras. While standing in the front yard of this residence, a gasoline powered lawnmower being operated by Derek Buras, defendant's ten year old son, rolled over Michael's right foot. As a result of this accident, Michael suffered traumatic amputation of the second toe, partial amputation of the third toe, and a severe laceration of the great toe.
The trial court rendered judgment for plaintiff in the amount of $3,500.00 for pain and suffering and $7,500.00 for the "permanent loss of toe." Special damages of $2,243.98 were also awarded less a credit of $1,205.70 for medical expenses previously paid. Defendants appeal. We affirm.
Defendants contend the trial court erred in: 1) failing to maintain his exceptions of no cause and no right of action predicated *794 upon Derek Buras not having been named a defendant;(2) holding Horace Buras and/or Derek Buras to be the sole and proximate cause of the accident; 3) failing to find Michael Lopez guilty of contributory negligence; and 4) awarding excessive damages for the "permanent loss of toe."
Plaintiff asserts the judgment of the trial court is correct but asks that the damage award be increased. Plaintiff did not appeal nor answer the defendants' appeal. Accordingly, this issue will not be considered. LSA-C.C.P. Art. 2133.
Plaintiff instituted suit solely against Horace Buras and his insurer without the minor, Derek being named as a defendant. Defendant now contends that because Derek was not a party to the lawsuit, any issue of negligence on his part should not have been considered by the trial judge. This contention is totally specious. There is no serious dispute that an unemancipated minor has no procedural capacity to be sued and the father, as administrator of his minor child's estate, is the proper defendant in an action to enforce a minor's obligation. LSA-C.C.P. Art. 732. Once the obligation of a minor has been established, the father is vicariously responsible for the damages. LSA-R.C.C. Art. 2318. Clearly, plaintiff in this case filed suit in compliance with the law. The trial judge did not err in overruling defendant's exceptions and permitting testimony concerning Derek's negligence.
Although the trial judge gave no "reasons for judgment," his judgment holding Horace Buras liable was necessarily based upon a finding of negligence on the part of Horace and/or Derek Buras. Phillips v. D'Amico, 21 So.2d 748 (La.App. Orl.1945). This finding is not manifestly erroneous for the issue of fault is clearly settled by the record. The testimony is uncontradicted that Michael was standing on the front part of the lawn facing toward the street when his foot was injured by the lawnmower being pulled by Derek. He testified that although he heard the lawnmower for about five minutes before the accident, he never saw it because he was facing the street. Derek, on the other hand, said he knew Michael was standing in the front yard but admitted, "I never knew he was right there." This set of events unquestionably indicates that Derek's failure to prudently operate the lawnmower and maintain a proper lookout was the proximate cause of this unfortunate incident. Correspondingly, Michael's action or inaction under these circumstances cannot constitute contributory negligence because it is clear he was never aware of the fact that he was in a position of danger.
We now turn to quantum. Michael lost 1½ toes in this accident. He was confined in the hospital for nine days and after his release, was in a wheelchair for two to three months. Dr. Kenneth L. Veca, an orthopedic surgeon, performed an operation on April 4, 1974 to relieve the hyperesthesia in the area of the injury. Dr. Veca testified that Michael will inevitably need two future operations: 1) to numb the inside of the great toe to permit the wearing of a "spacer" to prevent the drifting of the great toe into the area formerly occupied by the amputated second toe; and 2) to eliminate the effect of a bunion type growth when he reaches his growth potential. He cautioned that although the child may remain active, he must always be exceptionally careful of his foot because of the lack of sensation in that area. Michael's mother testified that for about six weeks after the accident she had to help him to the bathroom and assist him in taking baths. She also gave him pain pills every four-six hours for eight weeks and still applies a salve to his big toe. She stated that while Michael can now still participate in baseball and basketball, she has seen him trip while running which he did not do before the accident. Michael testified that he can run and walk without a limp but his foot still hurts him a little sometimes at night.
*795 An award of $7,500.00 for the permanent loss sustained is not an abuse of the "much discretion" vested in the trial judge. LSA-R.C.C. 1934(3).
Accordingly, the judgment of the trial court is affirmed. Defendant is to pay all costs.
Affirmed.