PONDER, Judge.
This appeal arises out of an attorney’s suit against his clients to recover fees and •the clients’ reconventional demand for damages allegedly caused by the attorney’s malpractice. The trial court awarded judgment in favor of plaintiff on the main demand in the amount of $2253.50, awarded plaintiff $750.00 for reasonable attorney’s fees and dismissed the reconventional demand.
Defendants appealed the judgment alleging the following errors by the trial court:
(1) awarding appellee judgment on the main demand;
(2) failing to award appellants judgment on their reconventional demand;
(3) applying the law relative to legal malpractice actions incorrectly;
(4) finding no substandard conduct (negligence) on the part of appellee;
(5) imposing the total burden of proof upon appellants.
Appellants, Al and Susan Talley, entered into a contract to purchase a lot and improvements from Bill Day Home Builder, Inc. (Day). Day obtained a construction loan from Capital Bank, secured by a mortgage on the property dated November 21, 1977 and built the house. Difficulties arose between appellants and Day over the construction of the house, and appellants hired Alexis St. Amant, appellee, to represent them. Eventually, Day filed suit against appellant seeking rescission of the contract and appellant reconvened for specific performance.
Before resolution of this suit, the property in dispute was conveyed to Gerard Enterprises, Ltd. and the sale was recorded. Thereafter, Capital Bank foreclosed on the property by executory process. The writ of seizure and sale that was issued ordered the cancellation of the inscription of appel *155 lants’ recorded purchase agreement. The property was purchased by Capital Bank at sheriffs sale for the amount of the indebtedness. After the sale, appellant sought the legal services of his brother, Robert Talley, and took legal action seeking a preliminary injunction to prevent Capital Bank from disposing of the property and requesting that the sales of the property from Day to Gerard Enterprises and to Capital Bank be annulled. All requested relief was denied and costs were assessed against appellant.
Appellee continued to represent the appellants in the suit brought by Day. Judgment was rendered, denying the prayers of both parties except that Day was ordered to return appellants’ deposit.
Appellants refused to pay appellee’s bill for legal representation and appellee sued.
We affirm.
Appellants’ first specification of error is that the trial judge erred in awarding appellee judgment on the main demand. The record establishes that the parties reached an agreement that appellee would provide legal representation at $45.00 per hour. Appellants did not dispute the number of hours of services rendered nor the reasonableness of the rate. Appellants’ brief on appeal contains no argument regarding this issue. We, therefore, affirm the court’s judgment on the main demand.
Appellants’ four specifications of error regarding the trial court’s dismissal of the reconventional demand are inter-related and will be treated together. The crux of appellants’ argument is that the trial court erred in finding no substandard conduct (negligence) on the part of appellee. Appellant urges that he informed appellee on at least three separate occasions that there was a possibility that the property would be sold to a third party and that appellee failed to take any action to prevent such an occurrence. Appellants further submit that appellee had a duty to examine the public records and that any competent real estate attorney would have been aware of the sale to Gerard Enterprises and the subsequent foreclosure proceedings before the sheriff’s sale occurred. Appellants assert that if they had been informed of the foreclosure proceedings, they would have had the opportunity to bid on the property at the sale. Appellants also claim that appel-lee was negligent in not maintaining close communications with the attorney that represented Capital Bank and Day, which they argue would have provided appellee with all relative information concerning the future disposition of the property.
Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239, at 244 (La.1972) sets out, as follows, the duty an attorney owes to his client:
An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment in every instance. However, the attorney’s license to practice and his contract for employment hold out to his client that he possesses certain minimum skills, knowledge, and abilities.
The appellee advised appellant against seeking a temporary restraining order or a preliminary injunction to enjoin the sale of the property because such action could result in damages being assessed against the appellants unless they could prove their collusion theory.
Appellee’s advice not to seek injunc-tive relief cannot be regarded as a breach of the duty owed to his client. Appellee had to weigh the consequences that might arise from seeking an injunction or taking no action and make a judgment based on those considerations. There were no factors that guaranteed that appellant would have been successful in seeking injunctive relief. Moreover, when appellant utilized his brother’s services to seek injunctive relief, the relief was denied and costs were assessed against appellant.
Although attorneys do owe their clients the duty of diligent investigation *156 and research,[1] appellee was not negligent in failing to discover the foreclosure proceedings. Appellee knew that appellants’ rights were protected by the record purchase agreement but that these rights were primed by Capital Bank’s construction mortgage. Appellee had no notice of or reason to suspect that Capital Bank had initiated foreclosure, proceedings nor was it his responsibility to maintain a constant vigil for the happening of a possible foreclosure.
In response to appellants’ argument that closer communication with opposing counsel would have provided appellee with the information regarding the foreclosure, we find no negligent behavior. Besides lawful discovery techniques, appellee had no available means to force the opposing counsel to be more communicative.
In Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982), the Supreme Court modified the “case within a case” requirement in malpractice cases by shifting the burden of going forward with the evidence upon the defendant attorney once his negligence has been established. Appellants assume that they have been successful in establishing a prima facie case that appellee was negligent. However, the trial court did not shift the burden upon appellee because the court did not find any substandard conduct on the part of appellee.
In his appeal brief, plaintiff asked that the attorney’s fees be increased to reflect work on the appeal and that damages be awarded for the frivolous appeal by appellants. However, plaintiff did not appeal or answer defendant’s appeal. Therefore, we cannot render judgment in his favor. La.C.C.P. art. 2133; Lopez v. Buras, 321 So.2d 792 (La.App. 4th Cir. 1975).
Accordingly, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. Muse v. St. Paul Fire and Marine Insurance Company, 328 So.2d 698 (La.App. 1st Cir.1976).