YELVERTON, Judge.
This is the second time this suit by a client against his former attorney has been before us. The first time is reported in 450 So.2d 24 (La.App. 3rd Cir.1984).
Elton Deville, the present plaintiff, was the unsuccessful defendant in a damage suit brought against him by one Hanagriff (erroneously spelled Hanigrief in the reported case, supra). Deville brought this present action against his former attorney, Carmouche, alleging breaches of duty and care under their contract of employment for the defense of that suit. The district judge decided that the defendant had answered timely in the Hanagriff suit, and in the present suit the plaintiff failed to establish his case by a preponderance of the evidence. Plaintiff has appealed. We affirm.
The supreme court ruled in Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (1972), that the duty of an attorney to his client is as follows:
“An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment in every instance. However, the attorney’s license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge, and abilities.”
The same rule was recently applied in Meyers v. Imperial Cas. Indem. Co., 451 So.2d 649 (La.App, 3rd Cir.1984); and in St. Amant v. Talley, 454 So.2d 153 (La.App. 1st Cir.1984).
We have carefully reviewed the record and find it fully supports the trial judge’s findings and conclusions. Even the plaintiff’s own witness, the opposing attorney who tried the prior damage suit for plaintiff therein, testified that this defendant was well prepared and adequately represented Mr. Deville at the trial of the other case.
The judgment of the district court is therefore affirmed at appellant’s cost.
A copy of the trial judge’s oral reasons for judgment is annexed hereto as an appendix.
AFFIRMED.
APPENDIX
The Court finds after considering all of the evidence before the Court, the oral testimony and the exhibits filed in the record, that the plaintiff has failed to establish his case by a preponderance of the evidence as required.
In particular, the Court finds that the allegations of neglect and misrepresentation by Mr. Carmouche has not been supported by any evidence. In fact, the plaintiff’s own witness, Mr. Zaunbrecher, offered contradictory testimony to those facts that are alleged by Mr. Deville as to misrepresentation. According to his testimony, he presented the best representation he could. In fact, he was successful in excluding some evidence that the defense sought to be admitted at the trial of the matter. Even though we don’t have the transcript, I think the testimony of Mr. Zaunbrecher refutes the allegations made by the plaintiff that there was misconduct by Mr. Carmouche.
The plaintiff’s reference to Dr. Holden’s testimony to be contradictory to the plaintiff’s testimony in the suit in which Mr. Carmouche represented him; that is, the Hanagriff suit, was considered by the Judge. It was an exhibit that was filed in the record. It was referred to in the Judge’s Reasons for Judgment, and an expert fee was taxed as costs for Dr. Holden’s testimony. So, the testimony of Dr. Holden was obviously considered by the Judge who heard the case. So, Mr. De-ville’s contention that it should have been brought out to the Judge, obviously it was considered by the Judge as being contradictory to the plaintiff’s testimony.
As to the post trial brief, failing to file a post trial brief as being a basis for neglect or a basis of breach of contract, the Court finds that Mr. Zaunbrecher’s testimony again establishes that Mr. Carmouche did indeed prepare a post trial brief and he did receive it before Judge Babineaux rendered *53 his judgment, and the Court finds that it is not necessary that the post trial briefs be filed in the record. It would really be up to the individual attorney or the Judge to have a post trial brief filed in the record. It is often that the post trial brief is referred to the Judge himself as Mr. Car-mouche has testified and as Mr. Zaunbrecher agreed that this could be the procedure followed, that it would be sent directly to the Judge rather than to the Clerk’s office for filing. The Court finds no neglect on the part of Mr. Carmouche for following that procedure.
Therefore, the Court finds that the plaintiff has failed to establish that there has been any breach of contract or any neglect of representation by Mr. Carmouche and will enter judgment for the defendant denying the petition and dismissing it at plaintiffs cost. The plaintiff is to pay all costs of these proceedings including the cost of the attendance of the court reporter which will be taxed as costs of Court. In other words, the court reporter’s fees will be taxed as court costs as well.