WILLIAMS, Judge.
Allen J. Bourgeois, Sr., in proper person, appeals the trial court’s denial of his motion for preliminary default in his action for separation from bed and board.[1] The sole issue of this appeal is whether the trial court erred in denying the default judgment and basing its ruling on hearsay testimony that appellant and defendant, Barbara Bourgeois, had reconciled.
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment, while a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. LSA-C.C.P. art. 1841. Because the denial of the default judgment did not determine the merits of the action, and any error committed by the trial court may be corrected on appeal from the final judgment on the merits, the judgment complained of is not ap-pealable. See Deville v. Carmouche, 450 So.2d 24 (La.App. 3d Cir.1984), appeal after remand, 497 So.2d 51 [Court dismissed an appeal from a judgment denying confirmation of default]. Nonetheless, this Court has plenary power to exercise supervisory jurisdiction over district courts. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); North Central Utilities, Inc. v. East Columbia Water District, 516 So.2d 1268 (La.App. 2d Cir.1987). In the instant matter, because the record is already before us, judicial efficiency and the interests of justice would best be served if we exercise our supervisory jurisdiction at this time. North Central Utilities, Inc. v. East Columbia Water District, 516 So.2d at 1270. Thus, we treat this appeal as an application for supervisory writs, which we grant.
The facts of this case are as follows. On February 2, 1987, appellant filed a petition for separation on the grounds of abandonment, see LSA-C.C. art. 138(5), and cruelty, see LSA-C.C. art. 138(3). Specifically, the petition alleged that the parties were married on July 3, 1970 and were separated at a later, unspecified date. The parties reconciled in September, 1986 and resumed their matrimonial domicile until January 12, 1987, when defendant abandoned the matrimonial domicile without lawful cause. The petition alleged that the defendant “feigned reconciliation,” which constituted cruel treatment. The record shows that service was effected upon defendant through her stepfather, who resided at the same address as defendant. Defendant has not answered to date.
On December 8, 1988, appellant filed a preliminary default with a supporting affidavit which attested to the fact that defendant was served and failed to answer. The trial court denied the preliminary default, stating, “Court was notified that parties reconciled after separation filed and therefore motion for preliminary default is denied.” Thereafter, on January 10, 1989, appellant filed a second motion for preliminary default with three supporting affidavits. Affiants were appellant, appellant’s spiritual leader, Pastor Jesse M. Boyd, and appellant’s brother, Edward J. Bourgeois, Jr. All three stated that the parties separated on or about January 14, 1987 when defendant abandoned the matrimonial domicile, that the parties had not reconciled, and that defendant had not returned to the matrimonial domicile. On January 11, 1989, the trial court denied this motion for the same reason stated previously.
*655 LSA-C.C.P. art. 1701(A) governs default judgments and provides, in pertinent part:
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court....
LSA-C.C.P. art. 1702 then provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie ease.
The record in the instant case established that the defendant failed to timely answer. The record showed sufficient basis for granting the preliminary default, and the trial court erred in denying plaintiffs motion based upon hearsay that the parties had reconciled. Accordingly, we reverse the ruling of the trial court and remand the case for further proceedings.
REVERSED AND REMANDED.

. Only appellant’s original petition was filed by counsel. All subsequent pleadings have been filed by appellant in proper person.