Gary **ROSEBOROUGH**, Appellant,

v.

Sonny **SCOTT** (Warden), Appellee.

No. 80737.

Court of Appeals of Oklahoma,
Division No. 1.

March 22, 1994.

Rehearing Denied April 15, 1994.

Gary Roseborough, pro se.

Susan B. Loving, Carolyn E. Koger, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant Gary Roseborough (Roseborough) seeks review of a trial court order dismissing his Petition claiming denial of his constitutional right, under the First Amendment to the United States Constitution, to practice religion.

■ Roseborough, an inmate at the Jackie Brannon Correctional Center (JBCC), filed his Petition [1] initiating this action under the authority of 42 U.S.C. § 1983 [2]. He named Appellee Sonny Scott (Scott) defendant, alleging Scott, as JBCC Warden, violated his constitutional right of freedom of religion by denying Roseborough's request for exemption from JBCC's grooming code policy on hair length and facial hair.

Although Roseborough did not specify any legal process to effect the relief requested in his Petition, he filed an accompanying Motion for a Temporary Restraining Order and/or Injunction. In the latter pleading, Roseborough asked the trial court to restrain or enjoin Scott from enforcing the correctional center grooming code against him.[3]

■ Scott responded to Roseborough's motion, and further moved the trial court to stay the proceedings and order the Oklahoma Department of Corrections (DOC) to

---

1. Roseborough appeared *pro se* and *in forma pauperis*.

2. Section 1983, the Civil Rights of 1871, provides a federal remedy for deprivation of rights established elsewhere by the Constitution or laws, but the courts of this state hear § 1983 claims. *McLin v. Trimble,* 795 P.2d 1035 (Okla.1990). Even in the absence of a § 1983 claim, our state courts are required to review alleged violations of federal constitutional rights which occur within our borders if the parties are subject to state court jurisdiction. *Prock v. District Court of Pittsburg County,* 630 P.2d 772 (Okla.1981).

3. Relief was sought under 12 O.S.1991 § 1382.

submit a special report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978).[4] After Roseborough also filed a motion for a special report, the trial court ordered DOC to conduct a review of the subject matter of the Petition and submit a report to the court. All other action was stayed pending submission of the report and filing of an Answer by Scott within 60 days from the order.

Prior to DOC submitting the ordered report, Scott moved to dismiss the action.[5] The report was later filed with leave of court. The report indicates Roseborough applied for exemption from JBCC's grooming code hair length limits on religious grounds; that the application was investigated by JBCC's chaplain; that the application was unanimously recommended for denial by the exemption committee; that Scott denied the application and the denial was upheld on review by the cognizant designee of DOC's director; and that Scott directed Roseborough would not be required to shave or cut his hair pending final disposition of this matter.

Attached to the report were copies of the administrative file on Roseborough's application for exemption, and copies of JBCC Field Memoranda No. OP–090126–01, Subject: Inmate Grooming and Dress Code and No. OP–090126–02, Subject: Application, Review, and Reporting Procedures for Exemptions to the Inmate Grooming Code.[6] The former memorandum provides for exemption from the grooming code if an inmate claims compliance infringes upon the exercise of his religious beliefs. The latter provides for investigation of exemption applications by the JBCC chaplain and a review committee to "evaluate whether the inmate's personal belief if sincere and meaningful". The warden approves or denies the application.

It appears from the record the trial court's determination was made from the pleadings and the Special Report. The order dismissing Roseborough's petition set forth the following specific findings:

> The Court finds that under the grooming code there is an exception for religious purposes. The Court finds that plaintiff's case was reviewed and denied after an investigation and a review by the committee. The Court cannot find evidence of discrimination or of failure to give due process.[7]

Roseborough brings this appeal from the trial court's order dismissing his petition. He alleges the trial court erred in dismissing his petition without settling existing factual disputes and in failing to appoint counsel to represent him in the lower court proceedings.

As a preliminary matter, we find Scott's motion to dismiss should be treated as a motion for summary judgment under 12 O.S.1991 § 2012(B).[8] Section 2012(B) is adopted from, and is substantially the same as, Federal Rule 12(b) of the Federal Rules of Civil Procedure.

Both § 2012(B) and Rule 12(b) provide that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Scott's motion and the trial court's judgment were based upon findings in the Special Report, which is clearly matter outside the pleadings.

In state and federal jurisprudence, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a

---

4. Where a trial court has insufficient facts before it to act, a *Martinez v. Aaron* report may be ordered developed by state authorities to provide the court a record and factual basis for preliminary determinations. *Robinson v. Benton,* 579 F.2d 70 (10th Cir.1978).

5. Scott cited as authority for his motion Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim upon which relief can be granted) and 28 U.S.C. § 1915(d) (frivolous action).

6. The effective date of both memoranda is February 18, 1992.

7. The trial court, in essence, finds Roseborough could state no facts on which relief could be granted.

8. State law applies in § 1983 actions brought in state courts unless state law conflicts with federal law. *McLin v. Trimble,* supra, at 1038.

matter of law. *Hamilton v. Allen,* 852 P.2d 697 (Okla.1993); *Longstreth v. Maynard,* 961 F.2d 895 (10th Cir.1992). All inferences and conclusions drawn from the facts presented to the court in the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984).

■ Under the free exercise clause of the first amendment to the United States Constitution, an inmate must be accorded a reasonable opportunity to pursue his religion. *Mosier v. Maynard,* 937 F.2d 1521 (10th Cir. 1991). However, what constitutes a reasonable opportunity must be evaluated with reference to legitimate penological objectives of the prison. *Mosier v. Maynard,* at 1525.

■ Scott asserts that Roseborough's petition was properly dismissed because even where an inmate's beliefs are sincere, prison officials may limit religious practices if there exists legitimate penological interests. Scott cites *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) in support of this contention.

Similarly, Scott relies on *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to support his second contention that dismissal was proper because Roseborough retained alternative means of exercising his religious beliefs.

In both *O'Lone v. Shabazz* and *Turner v. Safley,* the United States Supreme Court was considering the constitutionality of prison regulations which imposed restrictions on inmates' rights. In each case, the Court reviewed a direct challenge to the regulation in controversy, using a "reasonableness analysis" to determine if the regulation is reasonably related to the penological interest proffered in its support. Our examination in this matter is, however, different than that of the Supreme Court in the cited cases.

Roseborough does not take issue with the reasonableness of the underlying regulations providing for the JBCC grooming code and exemption process, nor does he argue that such regulations may not be issued in furtherance of JBCC's legitimate penological objectives. Rather, he contests the reasonableness of the decision which denied him the requested exemption, made in accordance with those regulations. In effect, Roseborough alleges that Scott's actions were arbitrary, not consistent with existing regulations, and violated the minimum standards of due process. See, *Prock v. District Court of Pittsburg County,* 630 P.2d 772, 776 (Okla. 1981).

In his application for exemption from the JBCC grooming code limits on hair length and facial hair, Roseborough claimed to have taken the Nazarite vow, which, among other things, prohibits shaving or cutting hair. Roseborough provided the biblical background for the vow.[9]

The JBCC chaplain, as required by Memorandum OP–0901260–02, investigated Roseborough's application. The chaplain noted the Nazarite vow was a recognized tenet of Judaism, usually taken for varying periods of 30, 60 or 90 days. The chaplain also noted Roseborough did not expressly declare any religion in his essay supporting his application.

■ The findings of the Grooming Code Exemption Review Committee reflect the Committee's belief that the basis for Roseborough's request was a personal preference, rather than a religious one, and that while Roseborough professed a belief in God, the request was of a secular nature. Each of the four members of the Committee recommended denial of Roseborough's request, each giving as the reason that Roseborough was applying for exemption for personal reasons. Scott denied the exemption, commenting only that he concurred with the decision of the Committee. On appeal, DOC again denied the exemption. The DOC letter of denial states it was the conclusion of the review committee and the warden that Roseborough did not meet the requirements of the grooming code dealing with "sincerity".

■ A religious belief which is not sincerely held, or a belief which is purely secular, does not require the prison to consider accommodation. *Mosier v. Maynard,* 937 F.2d at 1526. However, the sincerity of a

**9.** See, *Numbers* 6:13–21.

religious belief is a question of fact. *Mosier v. Maynard*, at 1526. While the Tenth Circuit Court of Appeals has noted that "[w]ithout question, the prison may determine whether plaintiff's beliefs are sincere", *Mosier v. Maynard*, at 1526, we are unpersuaded, as Scott appears to argue, that such determination is not subject to judicial scrutiny for reasonableness. The circuit court in *Mosier v. Maynard* looked at the evidence of the inmate's sincerity in some detail in remanding to the district court.

Here, the record is replete with statements *concluding* that Roseborough's request for religious exemption was insincere. However, the record will not support that conclusion. Roseborough's only statement in the record is his essay accompanying the application for exemption. The essay is essentially background on the Nazarite vow and is, at the most, neutral on the question of sincerity. The recorded findings of the review committee indicate Roseborough was afforded a hearing, and reference is made to statements given, but Roseborough's statements, if any, are not included in the special report.

Scott contends in his appellate brief that Roseborough claimed to be a Christian who believes in the Nazarite vow, but that the Nazarite vow is considered a tenet of Judaism and not Christianity. Additionally, Scott contends Roseborough has not taken the Nazarite vow, and in fact, stated to the exemption committee that he just wanted to grow a moustache and knew the only way he would be allowed was through a religious exemption.

■ These purported claims and statements by Roseborough would be relevant to the question of Roseborough's sincerity, but they are not supported by the record which was before the trial court, nor that which is before this Court. The ruling on a motion for summary judgment must be made on the record which the parties have presented, and not on a record which is potentially possible. *Culpepper v. Lloyd*, 583 P.2d 500 (Okla.1978).

■ Roseborough's Petition presents a cognizable § 1983 claim. The *Martinez* Special Report, ordered to provide some fac-

tual basis for a trial court determination, may be treated as an affidavit for summary judgment purposes. *Mosier v. Maynard*, at 1524. However, the Special Report, which was the only evidentiary material considered below, raises the question of Roseborough's sincerity, but does not provide the answer. In order for a court to find there is no substantial controversy as to any material fact, it must not only appear that there is no dispute as to such facts themselves, but also that reasonable people exercising fair and impartial judgment could not reach differing conclusions upon the undisputed facts. *Stuckey v. Young Exploration Co.*, 586 P.2d 726 (Okla.1978).

The question of sincerity remains a genuine issue of material fact which must be resolved by the trial court after sufficient factual development. *Mosier v. Maynard*, at 1527. Summary judgment was not proper under the facts here. We do not hold that summary judgment may not be proper after further factual development, or that summary judgment is inappropriate in any § 1983 action.

■ Roseborough's second proposition on appeal is that the trial court erred in failing to appoint counsel to represent him during the lower court proceedings. Roseborough acknowledges he did not request counsel be appointed and that he has no absolute right to counsel, but argues the trial court should have appointed counsel, *sua sponte*, "in the interest of justice".

■ Scott contends Roseborough cannot raise his right to counsel claim for the first time on appeal. We disagree. While constitutional issues generally must be raised in the trial court to be reviewable upon appeal, lack of due process claims are an exception to that rule. *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273 (Okla.1991) (footnote 6). The right to counsel in civil matters, if any, finds its constitutional basis in the general guarantee of fundamental due process created by the Fourteenth Amendment to the United States Constitution. *Kiddie v. Kiddie*, 563 P.2d 139 (Okla.1977).[10]

---

**10.** United States Const. amend. 14 § 1 provides,      in part:

In Oklahoma, the "right to counsel generally has been held inapplicable to civil proceedings even though they may have a critical impact on the destiny of the individual". *Kiddie v. Kiddie,* at 141.[11] Roseborough has not provided us with citation of legal authority to establish an exception to that general rule which would apply here, nor are we aware of such authority.

To the contrary, our Supreme Court has determined that inmates pursuing civil matters "do not have a clear legal right to the appointment of counsel if they are afforded access to the courts by a constitutionally adequate method". *Gaines v. Maynard,* 808 P.2d 672 (Okla.1991). Also, see *Prock v. District Court of Pittsburg County,* 630 P.2d 772 (Okla.1981) (No right to free counsel in the absence of "special circumstances".)

The record reflects DOC has met its constitutional burden of providing access to the courts under *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) by providing law libraries and prison law clerks. The lengthy list of legal citations in Roseborough's brief indicate he had access to the law library and his brief also notes he was assisted by prison law clerks. The trial court had no obligation or authority to appoint counsel under state law.

The judgment of the trial court is REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

JONES, P.J., concurs in result.

ADAMS, J., concurs.

---

..., nor shall any State deprive any person of life, liberty, or property, without due process of law; ...

11. The guarantee of assistance of counsel found in the Sixth Amendment to the United States Constitution does not extend to civil proceedings. *Kiddie v. Kiddie,* 563 P.2d 139 (Okla.1977).