JaSHORTESS, Judge.
Richard Lay filed suit under 42 U.S.C. § 1983 and Louisiana tort law, alleging deprivation of his civil rights, against Patrick J. Canulette, the sheriff of St. Tammany Parish; the Louisiana Parole Board; Loren McElven, his parole officer; and James M. Yarbrough, McElven’s supervisor. Ronald Bonvillian, chairman of the Parole Board, and McElven filed exceptions of no cause of action, lack of subject matter jurisdiction, and prematurity, which were granted.
While the exceptions were pending, Lay filed a pleading entitled “Ex parte Request to Consider Counsel,” in which he asked the court to appoint counsel to represent him. The trial court denied the request by writing the following on the bottom of that document: “Denied, Civil proceeding and movant is not entitled to an appointed attorney.” Lay appeals the denial of his request. He contends that 28 U.S.C. § 1915, which gives federal district courts discretionary authority to appoint counsel in pauper suits, is applicable to a § 1983 action filed in state court and that the trial court abused its discretion in denying his request.
APPEALABILITY OF REFUSAL TO APPOINT COUNSEL
appeal may be taken from a final judgment, from an interlocutory judgment that may cause irreparable injury, or from a judgment reformed by a remittitur or addi-tur.[1] A judgment that determines the merits in whole or in part is a final judgment, while a judgment that determines only preliminary matters is an interlocutory judgment.[2] Because the refusal to appoint counsel does not determine the merits of the action but is only a preliminary matter that may be corrected on appeal from the final judgment on the merits, it is an interlocutory decree, which is appealable only if it may cause irreparable injury. Lay has not alleged the denial of appointed counsel will cause him irreparable injury. Thus, we have no appellate jurisdiction in this matter.
[2] we have plenary pow-powto exercise supervisory jurisdiction over district courts.[3] The record is already before us, and we believe the interests of justice and judicial efficiency would best be served if we exercise our supervisory jurisdiction herein, particularly in light of Lay’s pro se status.[4]
SHOULD COUNSEL HAVE BEEN APPOINTED FOR LAY?

Applicability of 28 U.S.C. §1915

[3] state and federal courts have concurrent jurisdiction over § 1983 suits,[5] Lay chose to bring his suit in state court. State courts have a duty under the Constitution to enforce rights arising under the laws of the United States, but for the purpose of enforcing that right, the state court is not to be treated as a federal court.[6] A state court must apply substantive federal law in a claim based on a federal cause of action, but it may apply its own procedural law.[7]
Title 28, Section 1915, of the United States Code governs proceedings in forma pauperis in federal courts. Subsection (d) provides in pertinent part: “The court may request an attorney to represent any such person unable *313 to employ counsel....” The issue whether this statute is procedural and thus applicable only to suits filed in federal courts is res nova in Louisiana. Our exhaustive search of jurisprudence nationwide, however, reveals at least three states, Georgia, New Mexico, and Pennsylvania,[8] have found the statute is not applicable to state court actions.[9]
UWe agree with those courts that this statute is procedural, not substantive, in nature and thus is not applicable to state courts. The trial court could have appointed counsel for Lay only if state law permitted it. Lay has cited no authority allowing a Louisiana state court to appoint counsel in a § 1983 action. We have, however, reviewed Louisiana statutes, codes, and jurisprudence in search of such authority.

Appointment of Counsel in Civil Cases under Louisiana Law

Constitutional due process requires the appointment of counsel to indigents in civil matters when fundamental constitutional rights are involved. For example, the fundamental and constitutional right of parents to the custody and control of their children requires the appointment of counsel to indigent parents when the state seeks to remove their child from their home because of alleged abuse and neglect.[10] Similarly, a child whom the state seeks to remove from custody of his parents or to institutionalize for mental health treatment is entitled to appointed counsel.[11] The extent to which procedural due process must be afforded is influenced by the extent to which the person affected may be “condemned to suffer a grievous loss.”[12] In our opinion, recovering damages for a violation of one’s civil rights is not a fundamental constitutional right which would entitle an indigent plaintiff to appointed counsel.
Louisiana’s statutory authority for appointment of counsel in civil cases, other than those where due process requires it, is limited to cases involving unemancipated minors and mental incompetents with no legal representatives, nonresidents and absentees who have not appeared or been served with process, and estates for which no succession representative has been appointed.[13] A resident of the Louisiana State Penitentiary at Angola is not a nonresident or |5absentee,[14] and Lay has not alleged he is a minor or is mentally incompetent. Thus, we find no authority under Louisiana law for appointment of an attorney to represent an indigent plaintiff in a suit filed under 42 U.S.C. § 1983.
CONCLUSION
Title 28, Section 1915(d), of the United States Code is a federal procedural provision that is not applicable to actions filed in state court. No statutory or jurisprudential authority under Louisiana law requires the appointment of counsel for an indigent plaintiff in a suit brought under 42 U.S.C. § 1983. The trial court was correct as a matter of law in denying Lay’s request for appointment of counsel. For these reasons, Lay’s application for supervisory writs is denied.
WRIT DENIED.

. La. C.C.P. art. 2083(A).

. La. C.C.P. art. 1841; Bourgeois v. Bourgeois, 555 So.2d 653, 654 (La.App. 4th Cir.1989).

. North Cent. Utils, Utils. East Columbia Water Dist., 516 So.2d 1268, 1270 (La.App. 2d Cir.1987).

. See Bourgeois, 555 So.2d at 654.

. Eberhardt v. Levasseur, 630 So.2d 844, 846 (La.App. 4th Cir.1993), writ denied 94-0408 (La.4/4/94), 635 So.2d 1107.

. Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211, 222, 36 S.Ct. 595, 598, 60 L.Ed. 961 (1916).

. Id.; Morris v. Transworld Drilling Co., 365 So.2d 46, 47 (La.App. 3d Cir.1978).

. Johnson v. State, 151 Ga.App. 157, 158, 259 S.E.2d 161, 162 (1979); Archuleta v. Goldman, 107 N.M. 547, 552, 761 P.2d 425, 430 (N.M.App.), writ denied, 105 N.M. 689, 736 P.2d 494 (N.M.1987); Johnson v. Desmond, 200HSBG.1994 (Pa.Super.4/28/95), 441 Pa.Super. 632, 634-635, 658 A.2d 375, 376, writ denied, Table, No. 271 M.D. Alloc. 1995 (Pa.12/4/95), 543 Pa. 713, 672 A.2d 308.

. Other states have simply avoided deciding the issue by finding that even if the statute applied, the pro se plaintiffs in their courts were experienced litigants who demonstrated sufficient access to legal materials and proficiency in using those materials so that denial of counsel was not an abuse of discretion. Pruitt v. Hess, 95-0162 (Colo.App.2/8/96), 923 P.2d 325, 328, writ denied, (Colo.9/23/96); Ennis v. Dasovick, 506 N.W.2d 386, 393 (N.D.1993); Roseborough v. Scott, 875 P.2d 1160, 1166 (Okla.Ct.App.1994).

. La. Ch.C. art. 608; State ex rel. Howard, 382 So.2d 194 (La.App. 2d Cir.1980).

. La. Ch.C. art. 607.,

. State ex rel. Howard, 382 So.2d at 198, citing Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

. See La. C.C.P. art 5091; La. R.S. 13:1704.

. Scheppf v. Scheppf, 430 So.2d 370, 373 (La.App. 3d Cir.1983).