NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0852

THOMAS J. SMITH JR., ET AL.

VERSUS

PAUL DUGAS

Decision Rendered: **FEB 2 6 2020**

* * * * * * *

APPEALED FROM THE
17th JUDICIAL DISTRICT COURT
LAFOURCHE PARISH, LOUISIANA
DOCKET NUMBER 138,017, DIVISION C

HONORABLE JEROME J. BARBERA III, JUDGE PRO TEMPORE

* * * * * * *

| | |
|---|---|
| Carolyn Smith<br>Raceland, Louisiana | Pro Se Plaintiff/Appellant,<br>Individually and as Tutrix<br>for Thomas J. Smith Jr. |
| Maria E. Dugas<br>Thibodaux, Louisiana | Attorney for Defendant/Appellee<br>Paul Dugas |

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

After a court-appointed process server served pleadings upon her, the plaintiff in this case filed a petition for protection from stalking against the process server. The process server answered the petition, filed a reconventional demand against the plaintiff, and asked the district court to find the petition frivolous and to award him court costs and attorney fees. The district court dismissed the plaintiff's petition and ordered the plaintiff to pay costs. The plaintiff appealed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Paul Dugas is a licensed private investigator whose business is Dugas Legal Investigative Services, LLC (Dugas). In May of 2017, Dugas was appointed as a special process server to serve any pleadings in the matter captioned "*In Re: Medical Review Panel Thomas J. Smith Sr. (D)., et al v. David C. Pellegrin, et al*, 32nd Judicial District Court, Terrebonne Parish, Docket Number 179376. In September 2018, Dugas was similarly appointed as a special process server in the matter captioned "*In Re: Medical Review Panel Thomas R. Smith Sr.*, 17th Judicial District Court, Lafourche Parish, [Docket] No. 131721. Carolyn Smith, the plaintiff here, had previously initiated these two proceedings against certain health care providers after her late husband's death.

Beginning in 2017, and continuing through 2018, on multiple occasions, Mr. Dugas successfully served pleadings related to the two referenced proceedings upon Ms. Smith at her residence in Raceland, Louisiana. In fact, the record establishes that Mr. Dugas would call Ms. Smith and she would tell him what time to come. Beginning in December 2018, and continuing through March 2019, Mr. Dugas attempted to again serve Ms. Smith, and left notes for her to call him, but was unable to contact her by phone or at her residence. Due to upcoming deadlines, on March 11, 2019, the attorneys seeking service on Ms. Smith instructed Mr. Dugas to wait for Ms. Smith to leave her house and to attempt to serve her then. At some point, Ms. Smith did leave her house driving a silver minivan. Mr. Dugas followed Ms. Smith to Eloise Harris' (her sister) house in Houma, Louisiana. After parking in Ms. Harris' driveway, Ms. Smith remained in her vehicle. Mr. Dugas approached and videoed himself addressing her,

2

"Ms. Carolyn, we had a good relationship," stating that she was avoiding service, telling her "this is considered a drop service," and then placing the pleadings on or near her vehicle. The video, later introduced into evidence, shows Ms. Smith to be visibly upset, telling Mr. Dugas not to follow her, denying that she was avoiding service, telling him he was on private property, and telling her sister to "call the police."

On March 22, 2019, Ms. Smith, individually, and on behalf of Thomas J. Smith Jr., her disabled son, filed a petition for protection from stalking against Mr. Dugas under the Protection from Stalking Act, La. R.S. 46:2171, et seq. Mr. Dugas answered the petition and filed affirmative defenses and a reconventional demand against Ms. Smith. The district court held a hearing on the matter, at which Ms. Smith represented herself and Mr. Dugas' wife, an attorney, represented him. Ms. Smith and Mr. Dugas both testified at the hearing and Mr. Dugas filed evidence into the record.

At the end of the hearing, the district court indicated that it would deny Ms. Smith's petition, because she failed to prove Mr. Dugas' conduct constituted stalking within the meaning of the Protection from Stalking Act. The district court found that Ms. Smith knew Mr. Dugas, knew why he appeared at her sister's house on March 11, 2019, and was not in any fear of bodily injury or harm at the hands of Mr. Dugas, who was in the course and scope of his duties as a court-appointed process server. The district court also found that Ms. Smith was alarmed and angry that Mr. Dugas was attempting to serve or contact her somewhere other than at her house, under the mistaken belief that he had no authority to do so. In addition to denying Ms. Smith's petition, pursuant to Mr. Dugas' reconventional demand, the district court indicated that it would order Ms. Smith to pay Mr. Dugas' costs for having to defend the stalking suit. Ms. Smith objected and told the district court that she would appeal that decision.

On April 10, 2019, the district court signed a pre-printed form judgment dismissing Ms. Smith's petition for protection from stalking. On May 1, 2019, the district court signed an order stating, "CONSIDERING the Judgment of Dismissal, IT IS ORDERED ADJUDGED AND DECREED that in accordance with La. R.S. 46:2136.1[,] the

Court finds the petition was frivolous and orders the petitioner to pay all court costs."[1] Ms. Smith appealed from the "granting of judgment." In liberally construing Ms. Smith's pro se filings, and because appeals are favored in law, we interpret her appeal as being from both the April 4th judgment and the May 1st order. *See Lewis v. Louisiana State Judicial Review Bd.,* 18-0204 (La. App. 1 Cir. 11/2/18), 264 So.3d 1208, 1211-12, *writ denied,* 18-1856 (La. 1/28/19), 263 So.3d 427; *LeBlanc v. Alfred,* 15-0397 (La. App. 1 Cir. 12/17/15), 185 So.3d 768, 776 n.2.

In her pro se appeal brief, Ms. Smith does not assign as error the dismissal of her stalking petition or the assessment of costs against her. Rather, she contends the district court erred by not appointing an attorney to represent her and her son at the hearing on her petition for protection from stalking. Citing to the criminal stalking statute (La. R.S. 14:40.2), the Americans with Disabilities Act (42 USCA §12101, et seq.) (ADA), and numerous constitutional provisions, Ms. Smith claims the district court denied her son, as a person with disabilities and who could not afford an attorney, the right to fully litigate his claims in the judicial system.

## DISCUSSION

We find no merit to Ms. Smith's arguments. First, the sole relevance of the criminal stalking statute in this matter is to provide the definition of stalking for a petition filed under the Protection from Stalking Act, which was enacted to provide a *civil* remedy for stalking victims against perpetrators. *See* La. R.S. 46:2171 and 2172. This is not a criminal proceeding, wherein the federal or state constitutional right to court-appointed counsel would apply. *See* USCA Const. Amends. 6, 14; La. Const. Art. 1, §13. Generally, there is no constitutional right to counsel in a civil proceeding unless fundamental constitutional rights are involved. *Lay v. McElven,* 96-1325 (La. App. 1 Cir. 3/27/97), 691 So.2d 311, 313; *see also Howard v. Louisiana Dept. of Public Safety and Corrections,* 11-0655 (La. App. 1 Cir. 11/9/11), 2011 WL 5419724 *2. We find no such fundamental constitutional right involved here. We also have found no statutory authority requiring appointment of counsel in this case. *See* La. C.C.P. art. 5091.

---

[1] Although the order differs from the trial court's oral reasons for judgment, the written order controls. *BancorpSouth Bank v. Kleinpeter Trace, LLC,* 13-1396 (La. App. 1 Cir. 10/1/14), 155 So.3d 614, 634.

Further, the fact that a civil litigant qualifies for protections under the ADA does not entitle him to the appointment of counsel. The ADA does not carry with it, even for claims brought thereunder, any inherent or absolute right to counsel. *See Stone v. Town of Westport,* 3:04cv18 (JBA) (D. Conn. 2/23/07), 2007 WL 9754412 *1 (rejecting ADA plaintiff's claim that his Tourette Syndrome and Attention Deficit Disorder conditions entitled him to court-appointed counsel). Finally, the record does not show that Ms. Smith sought appointment of counsel for her son in the district court; absent a motion for such, the district court would have had no duty to appoint counsel, even if such right existed in a civil case. For the above reasons, Ms. Smith's son, even if disabled and indigent, was not entitled to the appointment of counsel in this matter.

In his brief, Mr. Dugas asks this court to find Ms. Smith's appeal frivolous and to award him additional costs and attorney fees under La. C.C.P. art. 2164. Mr. Dugas did not appeal or answer Ms. Smith's appeal to assert his appellate costs/attorney fee claim; thus, we will not consider his claim because it is not properly before us. *In re Interdiction of DeMarco,* 09-1791 (La. App. 1 Cir. 4/7/10), 38 So.3d 417, 430-31.

## CONCLUSION

For the above reasons, we affirm the April 4, 2019 judgment and the May 2, 2019 order. Considering the district court's May 13, 2019 order, we make no cost assessment in this pauper suit.

**AFFIRMED.**

5