# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-180

**JOSEPH TAFT CELESTINE**

**VERSUS**

**JESSIE OLIVER, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. C-20175113
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charlie G. Fitzgerald, Judges.

**AFFIRMED.**

**Joseph Taft Celestine**
**In Proper Person**
**210 Liston Street**
**Lafayette, LA  70501**
**(337) 414-4639**
**PLAINTIFF/APPELLANT:**
        **Joseph Taft Celestine**

**Patrick B. Sanders**
**Rise Again Law Firm, LLC**
**620 Derbigny Street**
**Gretna, LA 70053**
**(504) 463-4352**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Jessie Oliver and A Ambassador Limousine & Transportation, Inc.**

**COOKS, Chief Judge.**

**FACTS AND PROCEDURAL HISTORY**

On September 5, 2017, Plaintiff, Joseph Taft Celestine, representing himself, filed a "Petition to Recover Monetary Damages" on the basis of alleged sexual harassment against Jessie Oliver and A Ambassador Limousine & Transportation, Inc. Plaintiff, for a short period of time, was employed as a driver for Defendants. In response, Defendants filed a Dilatory Exception of Vagueness and a Peremptory Exception of No Cause of Action.

A hearing on Defendants' exceptions was held on February 26, 2018. The trial court sustained the Exception of Vagueness but deferred a ruling on the Exception of No Cause of Action. Plaintiff was given ten days from the date of the hearing to amend his petition to cure any and all defects so as to state a viable cause of action.

Plaintiff filed his amended petition, which again set forth a claim for sexual harassment in paragraphs 1 and 2, and also a claim for workers' compensation in paragraphs 3 through 11. Plaintiff requested $4.1 million dollars in damages due to the alleged sexual harassment. In response, Defendants filed a "Partial Declinatory Exception of Subject Matter Jurisdiction, Partial Peremptory Exception of No Cause of Action, Motion for Article 863 Sanctions and Answer." Defendants noted Plaintiff's worker's compensation claims were not within the jurisdiction of the district court. Defendants also maintained the amended petition did not show any causal connection between the damages allegedly suffered by Plaintiff as a result of sexual harassment, because all of the damages alleged are specifically related to the worker's compensation claim. Without damages, Defendants argue Plaintiff has no cause of action for sexual harassment. Defendants also requested sanctions be imposed against Plaintiff under La.Code Civ.P. art. 863.

On August 6, 2018, a hearing was held on Defendants' Exception of Lack of Subject Matter Jurisdiction, Exception of No Cause of Action, and Motion for Sanctions. The district court sustained the exception of lack of subject matter jurisdiction, denied the exception of no cause of action and denied the motion for sanctions. Judgment to that effect was rendered on August 27, 2018.

Defendants sought writs from this court as to the district court's denial of the exception of no cause of action. On April 8, 2019, this court denied the writ, finding "no error in the trial court's ruling."

On May 6, 2019, Plaintiff, continuing to represent himself, filed a "Motion for Right to a Speedy Trial." Apparently, trial was set for October 21, 2019. On October 18, 2019, counsel for Defendants faxed a letter to the district court, alleging that he had been informed for the first time that same day that trial was set for the following Monday, October 21, 2019. Counsel for Defendants maintained he had "never received notice of trial and have never been consulted with in choosing a trial date." The date for trial was reset for December 2, 2019.

On the day of trial, Plaintiff informed the trial court that he wanted a jury trial. The trial court informed Plaintiff that he did not file a motion requesting a jury trial. He also did not file any memorandum supporting that his damages were in excess of $50,000.00, nor did he pay the required jury bond of $5,000.00 prior to trial. The trial court explained to Plaintiff, that due to these deficiencies, it could not grant his request for a jury trial.

After being told several times he could not have a jury trial, Plaintiff stated to the trial court he did not "even want to go through with this." The trial court warned Plaintiff of the consequences of walking out on the scheduled trial, stating:

> If you don't go forward and put on any evidence today, the Third Circuit will not hear your case. They do not accept evidence at the Third Circuit. You can only put on evidence here. That's why I'm

telling you to have a seat. Your – There are some other cases in front of yours. And, then, we'll take your case up, and you can present what you can. And, if you don't like the result, then you can go to the Third Circuit. But, if you don't put anything on and you just walk out, they're not going to consider your case. So, you have to have a seat and wait for your turn, OK?

In response to the trial court's advice and warnings, Plaintiff stated "I'm not going – I – You can do what you want. I want to leave." The trial court on several more occasions warned Plaintiff of the consequences of not staying and presenting evidence or witnesses:

> If you don't go forward and put on any evidence today, the Third Circuit will not hear your case. They do not accept evidence at the Third Circuit. You can only put on evidence here. . . If you walk out of here, you're going to lose any rights that you have. I want you to understand that.

Plaintiff then argued to the trial court that he was being denied assistance of counsel in the present case, and wanted a lawyer appointed to represent him. The trial court repeatedly explained to Plaintiff that he was not entitled to assistance of counsel in a civil case:

> No, I cannot appoint you an attorney, because you don't get appointed counsel on civil cases, Mr. Celestine. You only get appointed counsel in criminal cases. Okay? You're not entitled to appointed counsel. If you want to represent yourself, you can.

After continued complaints from Plaintiff, the trial court told Plaintiff it was "calling [the] case for trial. If you don't want to present evidence and you walk out, then your case is dismissed." Despite these warnings, Plaintiff walked out of the courtroom without presenting any witnesses or evidence at trial. Out of an abundance of caution, Defendants presented the testimony of Jessie Oliver, who refuted the allegations of sexual harassment made by Plaintiff.

A final judgment was signed by the trial court dismissing all of Plaintiff's claims with prejudice. The trial court, pursuant to La.Code Civ.P. art. 863, awarded

Defendants $1,500.00 in attorney fees and $942.00 in costs. This appeal followed, wherein, Plaintiff, still representing himself, asserted the trial court erred in depriving him of his constitutional right to a jury trial and his right to a court appointed attorney. For the following reasons, we affirm the judgment.

## ANALYSIS

In his first assignment of error, Plaintiff maintains he was improperly denied a jury trial in this case. As the trial court repeatedly explained to Plaintiff below, La.Code Civ.P. art 1733 allows for a jury trial in a civil case if a pleading demanding a jury trial has been filed and if the requisite jury bond has been paid.[1] Plaintiff failed to do either of these requisites. Therefore, the trial court did not err in refusing Plaintiff's request for a jury trial.

In his second assignment of error, Plaintiff maintains he was improperly denied court-appointed representation in this matter. Plaintiff chose to pursue his claims on an in forma pauperis basis in accordance with the provisions of La.Code Civ.P. art. 5181-5188, which entitled him to proceed without payment of court costs pending the outcome of the matter. However, these provisions do not provide for the appointment of counsel for indigent parties in civil matters. Since this is not a criminal matter, Plaintiff is not entitled to representation as required in criminal matters by virtue of the Sixth Amendment of the United States Constitution.[2] The trial court correctly denied Plaintiff court-appointed counsel in this case.

---

[1] While pauper status under La.Code Civ.P. art. 5181 may grant Plaintiff the privilege of not posting bond in advance, La.Code Civ.P. art. 1733 specifies a pleading demanding a trial by jury is to be filed in advance.

[2] In *Lay v. McElven*, 96-1325 (La.App. 1 Cir.3/27/97), 691 So.2d 311, *writ denied*, 97-2398 (La.2/6/98), 709 So.2d 730, the court noted that constitutional due process requires the appointment of counsel to indigents in civil matters when fundamental constitutional rights are involved. However, the recovering of damages on a sexual harassment claim is not a *fundamental constitutional right* which would entitle an indigent plaintiff to appointed counsel.

**DECREE**

For the foregoing reasons, the judgment of the lower court is affirmed.  Costs of this appeal are assessed to Plaintiff-Appellant, Joseph Taft Celestine.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules – Courts of Appeal, Rule 2-16.3.