NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1219

SUCCESSION OF ANGERELLA SIMMS

Judgment Rendered: ___JUL 1 3 2022

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 102787

Honorable Trudy M. White, Judge Presiding

* * * * *

Chrystal M. Ingram
Baton Rouge, LA

Attorney for Plaintiff-Appellant,
Wiley M. Williams and Estate of
Angerella Simms


Jack M. Alltmont
New Orleans, LA

Attorney for Defendant-Appellee,
Ralph Anthony Williams, II


Steven Soileau
Shreveport, LA

Attorney for Defendant-Appellee,
Jeffrey Norris

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by Wiley M. Williams, son of the decedent, from a judgment of the trial court granting declaratory relief relating to a revocable living trust established by the decedent. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

The decedent, Angerella W. Simms, died in August 2016. Ms. Simms had two children, Wiley M. Williams and Ralph A. Williams. Ralph predeceased Ms. Simms. On April 4, 2017, Wiley filed a petition to probate a will executed by Ms. Simms on November 23, 2009, and the trial court signed the order of probate shortly thereafter. According to the terms of the will, Ms. Simms left all of her property to the Angerella W. Simms Revocable Living Trust (Trust), to be administered according to the terms of the Trust. The will further provided that if the bequest to the Trust "shall fail for any reason, or if said Trust is terminated prior to [Ms. Simms's] death," all of her property would be left to Wiley and Ralph, "in equal proportions, share and share alike." Wiley was nominated in the will to serve as executor of the succession, and the trial court signed an order appointing him as executor on December 27, 2017.

On August 9, 2018, Ralph Anthony Williams, II (known as "Tony"), one of Ralph's two children, filed a petition to annul the probated will, asserting that the will did not meet the form requirements for a notarial will under LSA-C.C. art. 1577. The trial court held a hearing on Tony's petition and rendered a judgment on December 26, 2018. However, due to a defect in the original judgment,[1] the trial court signed a revised judgment on August 26, 2021, annulling the probated will due

---

[1] The appeal of the original December 26, 2018 judgment was dismissed by this court based on a finding that the judgment lacked the requisite decretal language and specificity. Succession of Simms, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So. 3d 110, 115-16.

2

to a fatally defective attestation clause. The appeal of the August 26, 2021 judgment has been lodged with this court and assigned docket number 2022 CA 0186.

On May 2, 2019, subsequent to the trial court's original judgment annulling the will, Wiley filed a Petition for Declaratory Judgment, seeking judgment in his favor declaring:

> [The] decedent's estate is a trust estate governed by the terms of the Angerella W. Simms Revocable Living Trust Agreement, and not by the pour over will, included in the Trust Instrument, and further declaring that Wiley Williams is the successive trustee and only beneficiary, and further declaring that the decedent's estate is not governed by the laws of intestacy.

Tony[2] apparently did not file an answer to Wiley's Petition for Declaratory Judgment, but instead filed a "Motion for Declaratory Judgment by way of Motion for Summary Judgment" on August 15, 2019. (Emphasis removed.) Therein, Tony sought judgment in his favor, declaring that: (1) the Trust governs the disposition of assets duly transferred into the Trust, but the Trust does not govern the succession of Ms. Simms; (2) the Trust was duly amended on February 8, 2010 by an Extract of Trust to provide that the principal beneficiary was Ms. Simms; and (3) the sole principal beneficiary of the Trust is Ms. Simms and, thus, the succession of Ms. Simms. In support of his motion, Tony attached the February 8, 2010 Extract of Trust as his sole exhibit. Wiley opposed Tony's motion and filed several attachments in support of his opposition.

Before the motion was heard by the trial court, Tony filed a "Supplemental and Amended Motion (1) for Declaratory Judgment by way of Motion for Summary Judgment and (2) to Revoke Transfer of Assets from Trust to Wiley Williams Personally and Ordering Proper Distribution of the Trust Assets" ("supplemental motion") on February 10, 2020. (Emphasis removed.) Tony attached various exhibits in support of his supplemental motion.

---

[2] The motion indicates that it was filed by Tony and Troy Williams; however, the record does not reflect that Troy, who is the other son of Ralph Williams, is a party to this proceeding.

3

Through the supplemental motion, Tony requested a judgment declaring that: (1) the Trust governs the disposition of assets that were duly transferred into the Trust, but the Trust does not govern the succession of Ms. Simms nor any assets outside of the Trust; (2) the Trust was duly amended by Ms. Simms on February 8, 2010 by an Extract of Trust to provide that the principal beneficiary was Ms. Simms; (3) Ms. Simms altered the distribution of trust assets by a written and signed special directive dated July 22, 2010, directing that if one or both of the primary (principal) beneficiaries should die, then the children of that beneficiary would receive that beneficiary's share; and (4) the ownership of the assets placed in Trust are owned 50% by Wiley, 25% by Tony, and 25% by Troy Williams. The supplemental motion further requested that the court render judgment annulling the transfer of any assets from the Trust to Wiley, ordering Wiley to return to the Trust all assets he transferred to himself, and ordering the distribution of the trust assets in relation to the ownership of the Trust assets (50% to Wiley, 25% to Tony, and 25% to Troy Williams).

The trial court held a hearing on Wiley's Petition for Declaratory Judgment and Tony's supplemental motion on June 30, 2020. At the conclusion of the hearing, the trial court took the matter under advisement. On July 28, 2020, the trial court issued a Ruling from Hearing Held on June 30, 2020, in which the court stated, in pertinent part, as follows:

> This matter came before this Honorable Court on June 30, 2020 relative to Petitioner, Ralph Anthony "Tony" Williams' Motions for *Declaratory Judgment* and *Summary Judgment.*
>
> . . .
>
> The Court recognizes and acknowledges that the appeal filed by Attorney Johnell Matthews to the First Circuit Court of Appeal involving *the validity of the Will* is still under review.
>
> . . .
>
> On June 30, 2020, the Court took a note of evidence relative to the varied documents introduced at the hearing. Concluding that the issues with the *Angerella W. Simms Revocable Living Trust* and the *Will*

4

are interrelated, the Court declines to rule on the *Declaratory Judgment* without a decision from the First Circuit Court of Appeal regarding the *Pour Over Will.*

(Italics in original.) The Ruling did not mention Wiley's Petition for Declaratory Judgment.

Almost a year later, on May 17, 2021, Tony filed a supplemental memorandum in support of the motion for summary judgment, along with a draft judgment granting all the relief requested in his "Supplemental and Amended Motion (1) for Declaratory Judgment by way of Motion for Summary Judgment and (2) to Revoke Transfer of Assets from Trust to Wiley Williams Personally and Ordering Proper Distribution of the Trust Assets," (emphasis removed), and summarily denying Wiley's Petition for Declaratory Judgment. The trial court signed the submitted judgment, without alteration, on May 25, 2021. Wiley then filed the instant appeal of the May 25, 2021 judgment.

## MOTION TO DISMISS APPEAL

At the outset, we note that Tony filed a "Motion to Dismiss Appeals,"[3] (emphasis removed), with this court, wherein he noted that there were three matters at issue in the underlying succession proceedings: (1) the validity of Ms. Simms's will (as per the judgment annulling the will presently pending on appeal in docket number 2022 CA 0186); (2) the interpretation of the Trust (the instant appeal); and (3) the determination of the ownership of benefits of an annuity policy purchased by Ms. Simms during her life (as per a motion for summary judgment that was set for hearing on November 29, 2021). According to Tony, none of the judgments appealed are final judgments pursuant to LSA-C.C.P. art. 1915, and the appeals should be dismissed. A panel of this court referred the motion to dismiss the instant

---

[3]In the "Motion to Dismiss Appeals," (emphasis removed), Tony sought to dismiss both the instant appeal and the earlier appeal, bearing docket No. 2019 CA 0936, of the original December 26, 2018 judgment, which, as noted in footnote 1 *supra*, had been previously dismissed by this court on February 21, 2020. This court will consider the motion as to the instant appeal before this panel only.

5

appeal to the merits panel and noted that the only judgment properly before the court in the instant appeal is the May 25, 2021 judgment denying the declaratory judgment requested by Wiley, granting the declaratory judgment requested by Tony by way of summary judgment, granting Tony's request to revoke the transfer of Trust assets, and ordering the distribution of Trust assets in relation to the ownership of the Trust assets.[4]

Louisiana Code of Civil Procedure article 1871 concerning declaratory judgments provides that courts of record within their respective jurisdictions may declare rights, status, and other legal relations, and that such a declaration shall have the force and effect of a final judgment. Moreover, a declaratory judgment may be reviewed as other orders, judgments, and decrees. LSA-C.C.P. art. 1877. However, for this court's appellate jurisdiction to be invoked on a declaratory judgment, the judgment must be final of its own accord or properly certified under LSA-C.C.P. art. 1915(B). See Succession of Lucien, 2017-0669 (La. App. 1st Cir. 12/21/17), 2017 WL 6523451, *2 n.7 (unpublished); Succession of Brantley, 96-1307 (La. App. 1st Cir. 6/20/97), 697 So. 2d 16, 18.

The judgment at issue in this appeal is a partial judgment that clearly does not determine all of the issues in the matter, as the May 25, 2021 judgment involved declaratory relief concerning only the Trust and did not resolve all outstanding issues in the succession proceeding. Therefore, the May 25, 2021 judgment is not appealable on its own accord pursuant to LSA-C.C.P. art. 1915(A).[5] Accordingly,

---

[4] The original motion and order for suspensive appeal references a May 10, 2021 judgment as well as the judgment dated May 25, 2021. In Wiley's motion and order to convert suspensive appeal to devolutive appeal, Wiley requested that the trial court sign the revised amended judgment submitted in March 2020 relative to the judgment annulling the will, and asserted that all of these judgments should be reviewed by the appellate court at the same time and "with the current appeal."

[5] Partial judgments immediately appealable under LSA-C.C.P. art. 1915(A) include (1) a judgment dismissing the suit as to less than all of the parties; (2) a judgment granting a motion for judgment on the pleadings; (3) a judgment granting a motion for summary judgment, except a summary judgment granted pursuant to LSA-C.C.P. art. 966(E); (4) a judgment on either the principal or incidental demand, when the two have been tried separately; (5) a judgment on the

6

for our appellate jurisdiction to be invoked, the judgment would require certification of the judgment as final by the trial court pursuant to LSA-C.C.P. art. 1915(B). See Succession of Lucien, 2017 WL 6523451 at *2 n.7.

Pursuant to LSA-C.C.P. art. 1915(B)(1), when a court renders a partial judgment as to "one or more but less than all of the claims, demands, issues, or theories" presented in an action, that judgment shall not constitute a final judgment and, thus, shall not be immediately appealable, "unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all of the claims and the rights and liabilities of the parties. LSA-C.C.P. art. 1915(B)(2).

A review of the May 25, 2021 judgment on appeal demonstrates that it does not fall into any of the categories of partial final judgments set forth in LSA-C.C.P. art. 1915(A). Moreover, the judgment on appeal does not contain a designation that it is final for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915(B)(1). Thus, the May 25, 2021 judgment is not a final judgment, and this court lacks subject matter jurisdiction to review it on appeal. See Joseph v. Ratcliff, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So. 3d 220, 224. Moreover, the propriety of the declaratory relief relative to the Trust granted in the May 25, 2021 judgment is inextricably linked with the revised amended judgment annulling the will, which was ultimately signed on August 26, 2021 and presently on appeal, as a decision in that appeal may render the issues in this appeal moot.

Accordingly, we conclude that the judgment before us is not a final appealable judgment and, thus, that this appeal must be dismissed. In so ruling, we note that

---

issue of liability when that issue has been tried separately; and (6) a judgment imposing sanctions or disciplinary action pursuant to LSA-C.C.P. arts. 191, 863, or 864, or LSA-C.E. art. 510(G).

Wiley will have an opportunity for review of the trial court's ruling in connection with an unrestricted appeal of a final judgment, once rendered, in this proceeding.

We also decline to exercise our plenary power of supervisory jurisdiction, as the merits of the instant case do not meet the criteria set forth by the Louisiana Supreme Court in Herlitz Constuction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So. 2d 878 (La. 1981) (*per curiam*).

## CONCLUSION

For the above and foregoing reasons, we grant the motion to dismiss the instant appeal and remand the matter to the trial court for further proceedings. Costs of this appeal are assessed to appellant, Wiley M. Williams.

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1219



SUCCESSION OF ANGERELLA SIMMS

**HESTER, J., dissents in part and assigns reasons.**

**HESTER, J., dissenting in part.**

I agree with the majority's opinion insofar as it concludes that the May 25, 2021 judgment was not a final and appealable judgment. However, I respectfully disagree with the majority's refusal to convert the appeal to a supervisory writ.

In this case, we have the authority to exercise our supervisory jurisdiction and treat the appeal of the May 25, 2021 judgment as an application for supervisory writ. La. Const. art. V sect. 10(A); La. Code Civ. P. arts. 2081 and 2201. The original motion and order for appeal was filed within the 30-day delay for seeking supervisory writs from the ruling of the trial court. Uniform Rules-Courts of Appeal, Rules 4-2 and 4-3. I would exercise this court's discretion to convert the appeal to an application for supervisory writ and would address the merits of this case. See La. Uniform Rules-Courts of Appeal, Rule 4-3; La. Code Civ. P. art. 1914; **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39.